IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>vs.<br><br>**CORY HOWERTON FLEMING** | CRIMINAL. NO. 9:23-cr-00394-RMG<br><br>18 U.S.C. § 2<br>18 U.S.C. § 371<br>18 U.S.C. § 981(a)(1)(C)<br>18 U.S.C. § 982(a)(2)<br>28 U.S.C. § 2461(c)<br><br>**INFORMATION** |

**THE UNITED STATES ATTORNEY CHARGES**:

At all times relevant to this Information:

1. Richard Alexander Murdaugh[1] was a personal injury attorney with the "Law Firm," located in Hampton, South Carolina. As a personal injury attorney, Richard Alexander Murdaugh represented individuals in civil claims following injury, death, and other loss.

2. The Defendant, CORY HOWERTON FLEMING, is a former personal injury and criminal defense attorney who worked with his law firm in Beaufort, South Carolina (hereinafter "Beaufort Law Firm"). The Defendant, CORY HOWERTON FLEMING and Richard Alexander Murdaugh were close friends.

3. Forge Consulting, LLC, is a company which specializes in brokering structured insurance settlements. As a personal injury attorney, Richard Alexander Murdaugh was familiar with Forge Consulting, LLC, and he utilized their services to manage his clients' structured

---

[1] Richard Alexander Murdaugh has been charged for his role in the scheme in a separate Indictment.

1

settlements.

4. Bank of America is a financial institution, as defined by Title 18, United States Code, Section 20, with deposits insured by the Federal Deposit Insurance Corporation ("FDIC").

5. On September 22, 2015, Richard Alexander Murdaugh opened a bank account at Bank of America titled "Forge," but the bank account had no legitimate affiliation with Forge Consulting, LLC. Richard Alexander Murdaugh was the only authorized signer on the "fake Forge" account and was listed as the owner of the account on the signature card. Richard Alexander Murdaugh opened the "fake Forge" account as part of a scheme to defraud his clients and his Law Firm by transferring settlement checks directly into the "fake Forge" account, making it appear that the funds were being transferred into legitimate accounts run by Forge Consulting, LLC, as part of a structured settlement.

6. Beginning in May 2017 and continuing until July 2018, Richard Alexander Murdaugh used the "fake Forge" account to steal thousands of dollars in settlement funds from his personal injury clients. The first "fake Forge" account was force closed in July 2018 after being overdrawn. After the first "fake Forge" account was force closed, Richard Alexander Murdaugh opened a second "fake Forge" account with Bank of America in August 2018. Richard Alexander Murdaugh was the only authorized signer on the account and was listed as the owner on the signature card. Richard Alexander Murdaugh continued to use the "fake Forge" account to steal millions of dollars from his personal injury clients and others.

7. The Defendant CORY HOWERTON FLEMING had no knowledge of the "fake Forge" accounts or Richard Alexander Murdaugh's scheme to steal his clients' money through the accounts.

The Scheme to Defraud the Estate of G.S.

8. On February 26, 2018, Richard Alexander Murdaugh's housekeeper, G.S., a person known to the United States Attorney, died following what was reported as a slip and fall down the stairs of a home owned by Richard Alexander Murdaugh, caused by his dogs. Richard Alexander Murdaugh recommended that G.S.'s sons, T.S. and B.H., persons known to the United States Attorney (hereinafter "the Estate of G.S."), hire CORY HOWERTON FLEMING to represent them and submit a claim against Richard Alexander Murdaugh to collect from his homeowner's insurance policy.

9. Lloyd's of London ("Lloyd's") and Nautilus Insurance Group ("Nautilus") are both companies that offer property and casualty insurance. Richard Alexander Murdaugh had insurance coverage on his homeowner's policies from Lloyd's and Nautilus.

10. Based on Richard Alexander Murdaugh's recommendation and at his direction, the Estate of G.S. retained CORY HOWERTON FLEMING to file a claim against Richard Alexander Murdaugh's homeowner's policies.

11. From in or around March 2018 through a date unknown to the United States Attorney, but up to at least October 2020, in the District of South Carolina, Richard Alexander Murdaugh, and the Defendant CORY HOWERTON FLEMING, and others known and unknown to the United States Attorney, knowingly and intentionally combined, conspired, confederated, agreed and had a tacit understanding with others, both known and unknown, and engaged in a scheme, plan, and artifice to defraud the Estate of G.S., and to obtain money and property from the Estate of G.S., by means of materially false and fraudulent pretenses, representations, and promises, by making false and misleading statements, and omitting facts necessary to make the statements truthful and not misleading. During such period, in the course of executing the scheme

and artifice to defraud and to obtain money and property, Richard Alexander Murdaugh, the Defendant CORY HOWERTON FLEMING, and others known and unknown to the United States Attorney did transmit and cause to be transmitted in interstate commerce, wire communications, including writings, signs, signals, pictures, and sounds, for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

12. As part of the scheme, in November 2018, Richard Alexander Murdaugh requested that a Vice President at Palmetto State Bank ("PSB"), a person known to the United States Attorney, serve as the personal representative of the Estate of G.S. Thereafter, at Richard Alexander Murdaugh's direction, G.S.'s son renounced his duties as personal representative of the Estate of G.S. to allow the Vice President of PSB to serve as the personal representative.

13. On December 4, 2018, Lloyd's settled the claim for $505,000.00. The settlement check was drafted to the personal representative of the Estate of G.S. and the Beaufort Law Firm.

14. On December 19, 2018, after the Lloyd's settlement and as part of the scheme to defraud, the Vice President at PSB was appointed to serve as the personal representative of the Estate of G.S. The personal representative endorsed the $505,000 settlement check to the Beaufort Law Firm, giving CORY HOWERTON FLEMING control over the funds.

15. On January 7, 2019, as part of the scheme, the Defendant CORY HOWERTON FLEMING submitted a fraudulent disbursement sheet to the circuit court outlining the disbursement of the settlement funds. The fraudulent disbursement sheet outlined $11,500.00 in "Prosecution Expenses." However, there were no legitimate prosecution expenses.

16. On January 7, 2019, at Richard Alexander Murdaugh's direction, CORY HOWERTON FLEMING issued a check made payable to "Forge" for $403,500.00 of settlement funds from the Lloyd's settlement.

17. On January 19, 2019, Richard Alexander Murdaugh deposited the check into his "fake Forge" account.

18. In March 2019, following a mediation, Nautilus agreed to settle the Estate of G.S.'s claim for $3,800,000.00. On April 18, 2019, Nautilus drafted a $3,800,000.00 check to the personal representative of the Estate of G.S. and the Beaufort Law Firm. The personal representative endorsed the check to the Beaufort Law Firm, giving CORY HOWERTON FLEMING control of the funds.

19. On May 13, 2019, as part of the scheme, the Defendant CORY HOWERTON FLEMING submitted a fraudulent disbursement sheet to the circuit court, attaching it to a Petition for Approval of Settlement. The disbursement sheet did not reflect the accurate distribution of the settlement funds. The disbursement sheet fraudulently outlined the disbursement of $1,435,000.00 in attorney's fees and $2,765,000.00 to the Estate of G.S. However, CORY HOWERTON FLEMING collected approximately $672,595.85 in attorney's fees, less than half of the attorney's fees he reported to the circuit court.

20. The May 2013 disbursement sheet further outlined $105,000.00 in "Prosecution Expenses." However, there were no legitimate prosecution expenses. The Defendant CORY HOWERTON FLEMING and Richard Alexander Murdaugh intended to use these funds for their own personal enrichment.

21. On May 13, 2019, at Richard Alexander Murdaugh's direction, CORY HOWERTON FLEMING issued a check made payable to "Forge" for $2,961,931.95 of settlement funds from the Nautilus settlement.

22. On May 15, 2019, Richard Alexander Murdaugh deposited the check into his "fake Forge" account.

23. In October 2020, the parties signed a stipulation of dismissal. On October 6, 2020, at Richard Alexander Murdaugh's direction, CORY HOWERTON FLEMING issued a check made payable to "Forge" for $118,000.

24. As part of the scheme, the Defendant CORY HOWERTON FLEMING directed the drafting of checks from his trust account, from funds belonging to the Estate of G.S., to his personal bank account. The Defendant CORY HOWERTON FLEMING fraudulently claimed that the disbursements of settlement funds from his trust account were to pay for valid expenses related to the Estate of G.S.'s claim against Richard Alexander Murdaugh. In three separate transactions, totaling $26,200.00, the Defendant CORY HOWERTON FLEMING fraudulently transferred settlement funds belonging to the Estate of G.S. to his personal account, knowing that the funds belonged to the Estate of G.S. and that there were no legitimate legal expenses.

25. As further part of the scheme, and at Richard Alexander Murdaugh's direction, the Defendant CORY HOWERTON FLEMING fraudulently retained more than $150,000.00 in "Prosecution Expenses" in his trust account, for the benefit and personal enrichment of CORY HOWERTON FLEMING and Richard Alexander Murdaugh, knowing that the funds belonged to the Estate of G.S. and that there were no legitimate prosecution expenses.

26. At Richard Alexander Murdaugh's direction, CORY HOWERTON FLEMING issued checks made payable to "Forge" totaling $3,483,431.95. Richard Alexander Murdaugh deposited the funds into his "fake Forge" account, knowing that the funds belonged to the Estate of G.S., and thereafter used the funds for his personal enrichment. The Estate of G.S. did not receive any of the settlement funds.

## COUNT 1
### Conspiracy to Commit Wire Fraud, 18 U.S.C. § 371

27. The allegations contained in paragraphs 1 through 26 are incorporated by reference as if set forth fully herein.

28. From in or around March 2018 through a date unknown to the United States Attorney, but up to at least October 2020, in the District of South Carolina, the Defendant, CORY HOWERTON FLEMING, Richard Alexander Murdaugh, and others known and unknown to the United States Attorney, knowingly and intentionally combined, conspired, confederated, agreed and had a tacit understanding with others, both known and unknown, and engaged in a scheme, plan, and artifice to defraud the Estate of G.S., and to obtain money and property from the Estate of G.S. by means of materially false and fraudulent pretenses, representations, and promises, by making false and misleading statements, and omitting facts necessary to make the statements truthful and not misleading. During such period, in the course of executing the scheme and artifice to defraud and to obtain money and property, the Defendant, CORY HOWERTON FLEMING, Richard Alexander Murdaugh, and others known and unknown to the United States Attorney, did transmit and cause to be transmitted in interstate commerce, wire communications, including writings, signs, signals, pictures, and sounds, for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

### Object of the Conspiracy

29. The object of the conspiracy was for the Defendant, CORY HOWERTON FLEMING, and his coconspirator Richard Alexander Murdaugh, to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and to defraud the Estate of G.S.

Overt Acts in Furtherance of Conspiracy

30. In furtherance of the conspiracy, the Defendant, CORY HOWERTON FLEMING and his coconspirator Richard Alexander Murdaugh committed the following overt acts in furtherance of the conspiracy:

   a. On or about January 7, 2019, the Defendant CORY HOWERTON FLEMING submitted a fake disbursement sheet to the circuit court, outlining fraudulent prosecution expenses.

   b. On or about May 13, 2019, the Defendant CORY HOWERTON FLEMING submitted a second fake disbursement sheet to the circuit court, outlining inaccurate attorney's fees and fraudulent prosecution expenses.

All in violation of Title 18, United States Code, Sections 371 and 2.

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: _____
Emily Evans Limehouse (Fed. ID #12300)
Kathleen Stoughton (Fed. ID #12161)
Winston D. Holliday, Jr. (Fed. ID #7597)
Assistant United States Attorney
151 Meeting Street, Suite 200
Charleston, SC 29401
Tel.:   (843) 727-4381
Fax:   (843) 727-4443
Email: Emily.Limehouse@usdoj.gov