IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: 9:23-cr-00394-RMG |
| v. | |
| CORY HOWERTON FLEMING | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 22nd day of May, 2023, between the United States of America, as represented by United States Attorney Adair F. Boroughs, Assistant United States Attorneys Emily Limehouse, Katie Stoughton, and Winston Holliday; the Defendant, **CORY HOWERTON FLEMING**, and Defendant's attorney, Deborah B. Barbier.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to plead guilty to Count 1 of the Information, which charges Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 371.

In order to sustain its burden of proof, the Government is required to prove the following:

**Count 1**
**(Conspiracy, 18 U.S.C. § 371)**

A. The Defendant agreed with one or more persons;

B. To commit wire fraud;

C. The Defendant did so knowingly; and

D. An overt act in furtherance of the conspiracy was committed in the District of South Carolina during the period alleged in the Information.

The penalty for this offense is:

A maximum term of imprisonment of 5 years, fine of $250,000, supervised release for 3 years, and a special assessment of $100.

Page 1 of 14

2.  The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613 and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A.  Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

    B.  Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant understands that the Defendant has a continuing



        obligation to pay in full as soon as possible any financial obligation imposed by the Court.

    C.    Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his/her plea of guilty to the offense(s) enumerated herein.

## Cooperation

4. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he/she has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become



null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

  A. the Defendant will not be permitted to withdraw his/her plea of guilty to the offenses described above;

  B. all additional charges known to the Government may be filed in the appropriate district;

  C. the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

  D. the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer agreements, in the prosecution of the Defendant of all charges.

5. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his/her refusal to take or his/her failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

6. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the United States Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

  A. known to the Government prior to the date of this Agreement;

  B. concerning the existence of prior convictions and sentences;

  C. in a prosecution for perjury or giving a false statement;

        D.    in the event the Defendant breaches any of the terms of the Plea Agreement; or

        E.    used to rebut any evidence or arguments offered by or on behalf of the Defendant (including arguments made or issues raised *sua sponte* by the District Court) at any stage of the criminal prosecution (including bail, trial, and sentencing).

7. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Commission Guidelines § 5K1.1, 18 U.S.C. § 3553(e) **or** Federal Rule of Criminal Procedure 35(b). Any such motion by the Government is not binding upon the Court, and should the Court deny the motion, the Defendant will have no right to withdraw his/her plea.

8. The parties agree that the total amount of monies received by the Defendant and his former law firm ($676,255.59) have been disgorged to the victim in this case.

### Merger and Other Provisions

9. Provided the Defendant cooperates and otherwise complies with all of the conditions of this Agreement, the Government agrees to recommend that the Defendant serve any and all terms of imprisonment imposed as a result of his conduct and plea of guilty to the offense enumerated herein, as well as any related conduct and convictions for violations of state law, absent any terms of probation and/or supervised release, concurrently in the Bureau of Prisons. The Government further agrees to recommend that the Defendant will not serve any term of incarceration within the South Carolina Department of Corrections. The obligations of the United States in this Paragraph are contingent upon the



Page 5 of 8

Defendant's truthful cooperation and satisfactory compliance with all terms of this Agreement, and, as set forth in Paragraphs 4 and 5, *supra*, and the Defendant understands his failure to satisfactorily comply with all terms of this agreement or truthfully cooperate may result in service of a sentence in the South Carolina Department of Corrections.

10. The Defendant represents to the court that he/she has met with his/her attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his/her attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his/her silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

11. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any



direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This Agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters. The Defendant further agrees that, should he/she in the future file a motion with the Court seeking a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), he/she will limit any assertion of "extraordinary and compelling reasons" allegedly warranting a reduced term of imprisonment to the circumstances set forth at the time of the defendant's motion in Policy Statement § 1B1.13 of the United States Sentencing Commission and its application notes. Defendant further agrees that under application note 1(D), as it appears in the 2021 Guidelines Manual, he/she may assert only those reasons set forth in the relevant Bureau of Prisons program statement in effect at the time of the defendant's motion (currently Program Statement 5050.50).

12. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant



tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

5/22/23
Date

*signature*
Cory H. Fleming,
Defendant

5/22/23
Date

*signature*
Deborah Barbier, Esquire
Defense Attorney

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

5/22/23
Date

*signature*
Emily Limehouse (Fed. ID # 12300)
Assistant United States Attorney