AO 245C (SCDC Rev. 10/20) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| vs. | Case Number: 9:23-CR-00394-RMG-1 |
| CORY HOWERTON FLEMING | USM Number: 60986-510 |
| | <u>Deborah Barbier, Esq.</u><br>Defendant's Attorney |

**THE DEFENDANT:**

■ pleaded guilty to Count 1.
☐ pleaded nolo contendere to count(s) __ which was accepted by the court.
☐ was found guilty on Counts __ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| <u>Title & Section</u> | <u>Nature of Offense</u> | <u>Offense Ended</u> | <u>Counts</u> |
|---|---|---|---|
| 18:371 | Please see Information | 10/31/20 | 1 |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment.   The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐     The defendant has been found not guilty on count(s)_____.

☐     Counts are dismissed on the motion of the United States.

☐     Forfeiture provision is hereby dismissed on motion of the United States Attorney.

        It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.   If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

August 15, 2023
Date of Imposition of Judgment


s/Richard M. Gergel
Signature of Judge


RICHARD M. GERGEL, U.S. DISTRICT JUDGE
Name and Title of Judge


August 17, 2023
Date

AO 245C (SCDC Rev. 10/20) Judgment in a Criminal Case
Sheet 2 - Imprisonment
Page 2

DEFENDANT: CORY HOWERTON FLEMING
CASE NUMBER: 9:23-CR-00394-RMG-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of forty-six (46) months. This term of imprisonment shall run concurrently to the anticipated state sentences for conduct related in the instant offense of conviction as outlined in Paragraphs 71 and 72 of the presentence report, pursuant to USSG § 5G1.3(c).   The defendant shall pay a $100.00 special assessment fee, a fine in the amount of $20,000.00 and restitution in the amount of $102,221.90, all due beginning immediately. Restitution is due joint and severally with Richard Alexander Murdaugh, Case No. 9:23-cr-00396-RMG-1.

■        The court makes the following recommendations to the Bureau of Prisons: The defendant shall be designated to FCI Jesup to facilitate family visitation and shall be screened for participation in the BOP Residential Drug Abuse Program (RDAP).

☐        The defendant is remanded to the custody of the United States Marshal.

■        The defendant surrendered immediately following his sentencing on 8/15/23 to the United States Marshal for this district.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____.
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this Judgment as follows:


Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

           _____
             UNITED STATES MARSHAL

        By _____
             DEPUTY UNITED STATES MARSHAL

AO 245C (SCDC Rev. 10/20) Judgment in a Criminal Case
Sheet 3 - Supervised Release                                                                                Page 3

DEFENDANT: CORY HOWERTON FLEMING
CASE NUMBER: 9:23-CR-00394-RMG-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years. While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision and the following special conditions. 1. You must pay any remaining unpaid fine balance imposed by the Court in minimum monthly installments of $250.00 to commence 30 days after release from custody (or following the imposition of sentence if a time served or probation case). The payments shall be made payable to "Clerk, U.S. District Court" and mailed to 85 Broad Street, Charleston, SC 29401. Interest is not waived any restitution ordered. Payments shall be adjusted accordingly, based upon your ability to pay as determined by the Court. 2. You must pay any remaining unpaid restitution balance imposed by the Court in minimum monthly installments of $250.00 to commence 30 days after release from custody (or following the imposition of sentence if a time served or probation case). The payments shall be made payable to "Clerk, U.S. District Court" and mailed to 85 Broad Street, Charleston, SC 29401. Interest is not waived on any restitution ordered. Payments shall be adjusted accordingly, based upon your ability to pay as determined by the Court. 3. You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer. 4. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office. 5. You must satisfactorily participate in and successfully complete a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity). You must contribute to the cost of such program not to exceed the amount determined reasonable by the Court approved U.S. Probation Office's "Sliding Scale for Services," and you will cooperate in securing any applicable third-party payment, such as insurance or Medicaid. 6. If the mental health professional considers that treatment is necessary, you must take all mental health medications that are prescribed by your treating physician.

## MANDATORY CONDITIONS

1.        You must not commit another federal, state or local crime.
2.        You must not unlawfully possess a controlled substance.
3.        You must refrain from any unlawful use of a controlled substance.   You must submit to one drug test within 15 days of
          release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
               ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of
               future substance abuse. *(check if applicable)*
4.   ■        You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a
               sentence of restitution. *(check if applicable)*
5.   ■        You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐        You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. §20901,
               *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in
               the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐        You must participate in an approved program of domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C (SCDC Rev. 10/20) Judgment in a Criminal Case
Sheet 3A- Supervised Release

Page 4

DEFENDANT: CORY HOWERTON FLEMING
CASE NUMBER: 9:23-CR-00394-RMG-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.   These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.     You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.     After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.     You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.     You must answer truthfully the questions asked by your probation officer.
5.     You must live at a place approved by the probation officer.   If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change.   If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.     You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.     You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation excuses you from doing so.   If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.   If you plan to change where you work or anything about your work (such as your position or job responsibilities), you must notify the probation officer at least 10 days before the change.   If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.     You must not communicate or interact with someone you know is engaged in criminal activity.   If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.     If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.     You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.     You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.     If the probation officer determines, based on your criminal record, personal history or characteristics, that you pose a risk to another person (including an organization), the probation officer, with the prior approval of the Court, may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.     You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.   For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245C (SCDC Rev. 10/20) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties                                                                 Page 5

DEFENDANT: CORY HOWERTON FLEMING
CASE NUMBER: 9:23-CR-00394-RMG-1

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $100.00 | $102,221.90 | $20,000.00 | | |

■   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.   However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Pamela Pinckney | $13,088.46 | $13,088.46 | 100% |
| Parker Law Group Attn:  Ronnie Crosby | $89,133.44 | $89,133.44 | 100% |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $102,221.90 | $102,221.90 | |

☐   Restitution amount ordered pursuant to plea agreement      $_____
☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before
    the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).   All of the payment options on Sheet 6 may be
    subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).
    The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☐The interest requirement is waived for the ☐ fine ☐restitution.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed
on or after September 13, 1994, but before April 23, 1996.

AO 245C (SCDC Rev. 10/20) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

DEFENDANT: CORY HOWERTON FLEMING
CASE NUMBER: 9:23-CR-00394-RMG-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ■  Lump sum payment of $100.00 special assessment fee, a fine in the amount of $20,000.00 and restitution in the amount of $102,221.90 all due immediately.

    ☐  not later than  _____ , or

    ■ in accordance with  ☐ C,  ■ D, or  ☐ E, or ☐ F below: or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal monthly installments of __ to commence ____ *days* after the date of this judgment; or

D  ■  Payment in equal monthly installments of $250.00 to commence *30 days* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within (*e.g., 30 or 60 days*) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.   All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

■  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate. |
|---|---|---|---|
| 9:23-cr-00396-RMG-1 Richard Alexander Murdaugh | $89,133.44<br>$13,088.46 | $89,133.44<br>$13,088.46 | Parker Law Group<br>Pamela Pinckney |

☐  The defendant shall pay the cost of prosecution.
☐  The defendant shall pay the following court cost(s):
☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA Assessment (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment (9) penalties, and (10) costs, including cost of prosecution and court costs.